*E-FILED: June 11, 2013*

Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone:  (408) 298-2000
Facsimile:  (408) 298-6046
Email:  tanya@moorelawfirm.com

Attorneys for Plaintiff
Cecil Shaw

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL SHAW, | ) No.  5:12-CV-04687-HRL |
| Plaintiff, | ) |
| vs. | ) **CONSENT DECREE; [PROPOSED]** |
| KARAN & N, INC. dba SYLVAN LIQUORS; | ) **ORDER** |
| KAPTAN GHIMIRE; LORENA SOTO | ) |
| MAYOR DEFLORES aka LORENA SOTO | ) |
| DEFLORES dba LOS JALAPENOS; | ) |
| CORINNE R. WAGNER, TRUSTEE OF THE | ) |
| CORINNE R. WAGNER 2002 REVOCABLE | ) |
| TRUST, SYLVAN PLAZA, LLC, | ) |
| Defendants. | ) |

## INTRODUCTION

1.     Plaintiff, Cecil Shaw ("Plaintiff"), filed a complaint in this action on September 7, 2012, and a First Amended Complaint on January 25, 2013 (the "Complaint"), to obtain statutory damages and to enforce provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and California civil rights laws, against Defendants Karan & N, Inc. dba Sylvan Liquors, Kaptan Ghimire, Lorena Soto Mayor Deflores, Corinne R. Wagner, Trustee of the Corinne R. Wagner 2002 Revocable Trust, and Sylvan Plaza, LLC ("Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), relating to

the condition of their public accommodations. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health and Safety Code, by failing to provide full and equal access to the businesses known as Sylvan Liquors and Los Jalapenos restaurant, both located at 820 East El Camino Real, Sunnyvale, California (collectively the "Facilities").

2.     Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability for any of the allegations in the Complaint. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.

### JURISDICTION

3.     The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343 for alleged violations of the ADA, and supplemental jurisdiction under 28 U.S.C. § 1367 for alleged violations of California Health & Safety Code § 19955 *et seq.,* including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

### REMEDIAL RELIEF

4.     This Order shall be a full, complete and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

5.     Defendants agree to make the following modifications to the Facilities in compliance with the standards and specifications set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design and Title 24 California Code of Regulations:

CONSENT DECREE; [PROPOSED] ORDER

1       Exterior Areas

2           a)  Properly worded, configured and located tow-away warning signage shall be

3               posted;

4           b)  Two properly configured and identified accessible parking spaces and

5               access aisles shall be provided, including a minimum of one van accessible

6               parking space and access aisle (parking spaces which are not fully

7               accessible shall not be designated in any way as accessible parking spaces);

8           c)  A properly identified and configured accessible route shall be provided from

9               the accessible parking to the Sylvan Liquor store;

10      Sylvan Liquor

11          d)  Provide and maintain proper wheelchair clearances throughout all public

12              areas of the store;

13      Los Jalapenos

14          e)  Defendants hereby represent that the business known as Los Jalapenos has

15              permanently ceased doing business. Based upon this express representation,

16              and as a material inducement to entering into this Consent Decree, Plaintiff

17              is not requiring any modifications to the interior of the Los Jalapenos

18              facility.

19      6.      The modifications set forth in paragraph 5 shall be completed within twelve (12)

20  months after the date of entry of this Consent Decree and Order.

21                          **MONETARY RELIEF**

22      7.      Defendants shall pay to Plaintiff the total sum of Six Thousand Dollars

23  ($6,000.00) representing statutory damages under California law.  The Settlement Payment

24  shall be made payable to the Moore Law Firm, P.C. Trust Account and tendered to the Moore

25  Law Firm, P.C., 332 North Second Street, San Jose, California 95112 within ten (10) days of

26  execution and entry of the Consent Decree and Order and shall be in the form of a cashier's

27  check.

28

CONSENT DECREE; [PROPOSED] ORDER

**ATTORNEY FEES, LITIGATION EXPENSES AND COSTS**

8.      The Parties have not reached an agreement regarding Plaintiff's claim for attorney fees, litigation expenses and costs.  This issue shall be the subject of further motion to the Court.  For purposes of the attorney fees motion, Defendants agree that Plaintiff is deemed the prevailing party in this action within the meaning of the ADA and the California statutes relating to the recovery of reasonable fees, costs and expenses.

**MUTUAL RELEASE AND WAIVER**

9.      Each of the Parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to this action which are unknown or anticipated at the time this Consent Decree is signed.  Except for all obligations required under this Consent Decree, the Parties intend that this Consent Decree apply to all such further loss with respect to the action, except for those caused by the Parties subsequent to the execution of this Consent Decree.  Therefore, except for and subject to all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree with respect to the action, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.**

10.      Except for and subject to all obligations required in this Consent Decree, and exclusive of the statutory attorney fees, litigation expenses and costs, each of the Parties to this Consent Decree, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all

officers, directors, shareholders, subsidiaries, joint ventures, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this action.

### CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

11. This Consent Decree and Order shall be binding on Plaintiff and Defendants and any successors in interest. The Parties have a duty to notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction over this Consent Decree and Order.

### TERM OF CONSENT DECREE AND ORDER

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order. The Court shall retain jurisdiction over this action to enforce provisions of this Order for twenty-four (24) months after the date of entry of this Consent Decree and Order.

### SEVERABILITY

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

### SIGNATORIES BIND PARTIES

14. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: March 18, 2013         */s/ Cecil Shaw*
                                           Plaintiff, Cecil Shaw

Dated: May 6, 2013            */s/ Kaptan Ghimire*
                                           Defendant, Karan & N, Inc. dba
                                           Sylvan Liquors

CONSENT DECREE; [PROPOSED] ORDER

Dated:  May 13, 2013                                      */s/ Kaptan Ghimire*
                                                         Defendant, Kaptan Ghimire


Dated:  May 7, 2013                                       */s/ Lorena Soto Mayor Deflores*
                                                         Defendant, Lorena Soto Mayor Deflores


Dated:  March 19, 2013                                    */s/ Corinne R. Wagner*
                                                         Defendant, Corinne R. Wagner, Trustee
                                                         of the Corinne R. Wagner 2002 Revocable
                                                         Trust

Dated:  April 1, 2013                                     */s/ Cyrus Parvini*
                                                         Defendant, Sylvan Plaza, LLC


APPROVED AS TO FORM:


Dated:  March 18, 2013                                    MOORE LAW FIRM, P.C.


                                                         */s/ Tanya E. Moore*
                                                         Tanya E. Moore, Attorneys for
                                                         Plaintiff Cecil Shaw

Dated:  April 16, 2013                                    */s/ Mark R. Carlquist*
                                                         Mark R. Carlquist, Attorney for
                                                         Defendant, Corinne Wagner,
                                                         Trustee of the Corinne R. Wagner
                                                         2002 Revocable Trust


        Pursuant to Local Rule 5-1(i)(3), I hereby certify that the concurrence in the filing

of this document has been obtained by all parties who are signatories hereto, and that I

maintain the original signature (as defined herein) of each signor to this Consent Decree.


Dated:  May 14, 2013                                      */s/ Tanya E. Moore*
                                                         Tanya E. Moore


CONSENT DECREE; [PROPOSED] ORDER

1

## ORDER

2

3      Pursuant to the consent of the Parties, and good cause shown,

4      **IT IS SO ORDERED**.

5
Dated: June 11, 2013
6

7      _____
                United States Magistrate Judge
8
                HOWARD R. LLOYD
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE; [PROPOSED] ORDER