*E-Filed: September 25, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CECIL SHAW,

          Plaintiff,

   v.

KAPTAN GHIMIRE, ET AL.,

         Defendants.

_____/

No. C12-04687 HRL

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND LITIGATION EXPENSES AND DENYING DEFENDANT'S MOTION FOR APPORTIONMENT OF LIABILITY FOR ATTORNEY FEES AND LITIGATION EXPENSES**

**[Re: Docket Nos. 39, 45]**

    Presently before the Court are plaintiff's motion for attorney fees and litigation expenses and defendant Soto Mayor's motion for apportionment of liability for attorney fees and litigation expenses. The Court GRANTS plaintiff's motion for fees and costs, with some reductions, and DENIES defendant's motion for apportionment, finding that all defendants are jointly and severally liable.

I.     BACKGROUND

    Plaintiff Cecil Shaw sued the owners, lessors, and lessees of the subject property for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act") when he was allegedly denied equal access to Sylvan Liquors and Los Jalapenos, a restaurant within the liquor store. The parties ultimately settled as to an award of injunctive relief and damages, leaving the issue of attorney's fees and costs for the instant motion.

United States District Court
For the Northern District of California

1     Plaintiff's counsel alleges that she and her paralegal spent over 84 hours on this matter for

2 which they are entitled to compensation.  In support, counsel provided a printout from her

3 timekeeping software which provides dates, precise time spent, and a short description of the work

4 performed.  Defendant Wagner, the only defendant to oppose the plaintiff's motion, contests the

5 reasonableness of the number of hours spent.  Wagner alleges that the recorded hours are grossly

6 excessive, as indicated by some specific time entries to which she points.

7     Defendant Soto Mayor asserts that, despite her signing of the consent decree, she is not

8 liable for attorney's fees because her lease expressly relieves her of liability for the ADA violations.

9 Alternatively, she requests that the Court apportion liability for attorney's fees and litigation

10 expenses such that defendants are not jointly and severally liable.

11              II.     ATTORNEY FEES AND LITIGATION EXPENSES

12 1.     APPLICABLE LAW

13     The ADA provides that "the court . . . in its discretion, may allow the prevailing party . . . a

14 reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  Similarly,

15 the Unruh Act provides that a violator is liable for "any attorney's fees that may be determined by

16 the court."  Cal. Civil Code § 52(a).  "A prevailing party should ordinarily recover attorney's fees

17 'unless special circumstances would render such an award unjust.'"  *Chalmers v. Los Angeles*, 796

18 F.2d 1205, 1210 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

19     In determining a reasonable attorney's fee, the first step is to calculate a "lodestar" by

20 multiplying the number of hours reasonably expended by a reasonable hourly rate.  *McGrath v.*

21 *Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley*, 461 U.S. 424 (1983)).  In evaluating

22 what is a reasonable number of hours, counsel bears the burden of submitting detailed time records

23 justifying the hours claimed to have been expended.  *Chalmers*, 796 F.2d at 1210.  This amount may

24 be reduced if the hours are duplicative, excessive, or otherwise unnecessary.  *Id.*  In determining

25 what constitutes a reasonable fee, the court should take into account the relevant factors set forth in

26 *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).  *McGrath*, 67 F.3d at 252.  The

27 twelve *Kerr* factors are:

28     (1) the time and labor required, (2) the novelty and difficulty of the questions
        involved, (3) the skill requisite to perform the legal service properly, (4) the

preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr,* 526 F.2d at 70.  Although the lodestar is presumptively reasonable, it may be adjusted based on *Kerr* factors not previously considered in its calculation.  *McGrath,* 67 F.3d at 252.

2.      DISCUSSION

Defendant Wagner does not dispute that plaintiff is the prevailing party entitled to the full amount of fees and costs incurred.  Nor does she dispute the reasonableness of the hourly rate of plaintiff's counsel and paralegal, $350 per hour and $150 per hour, respectively.  The only issue Wagner constests is the reasonableness of the hours expended.

A.      Reasonableness of Hours

As required, plaintiff's counsel provided detailed time records in support of her hours claimed to have been expended on this case.  Wagner argues that the overall number of hours is inflated and takes issue with several specific entries.

i.      Preparation of the Complaint

Wagner contends that the first eleven entries, totaling over seven hours, are related to the preparation and filing of the complaint, which was essentially cut-and-pasted from one of dozens of prior cases in which counsel has represented this plaintiff in similar claims of violations of the ADA by local businesses, and thus the hours are excessive.  While it is true that a substantial majority of the complaint copies verbatim previous ones filed by counsel on behalf of this plaintiff, Wagner does not contest a specific entry as unnecessary or excessive.  Moreover, "preparation of the complaint" included an inspection of the premises, consultation with an inspector, and other legitimate activities toward initiating the action; the seven hours were not spent merely drafting the complaint.  Thus, these hours expended are reasonable.

ii.      Motion to Amend

Plaintiff's counsel recorded 4.62 hours and her paralegal 5.5 hours related to the motion to amend the complaint.  Wagner alleges that this too was excessive.  Again, however, she fails to

3

point to specific entries which are unnecessary, excessive or duplicative.  More importantly, these were hours expended that could have been avoided had the defendants stipulated to allow the plaintiff leave to amend.  Instead, Wagner opposed the motion, a hearing was held, and leave to amend was ultimately granted by this Court.  Wagner cannot now insist that hours spent supporting a motion she unsuccessfully opposed were unreasonable without providing greater particularity.

iii.      Correspondence with Opposing Counsel

Wagner alleges that several entries by plaintiff's counsel between March 8 and June 13, a total of 3.38 hours and described as "correspondence with opposing counsel" should be removed because her attorney, the only "opposing counsel" in the matter, did not correspond with plaintiff's counsel during this time period.  The plaintiff does not provide documentary evidence of this correspondence nor contest the allegations.  Thus, these hours are either improperly recorded or duplicative, and therefore they are not reasonable hours for which counsel is entitled to fees.

iv.      Ms. Soto Mayor

Wagner claims that hours related to Ms. Soto Mayor were not reasonably expended.  However, because she provides no explanation for this conclusion, it is rejected.

v.      Mr. Cole

Plaintiff's attorney spent some time corresponding and engaging in settlement discussions with an individual, Mr. Cole, whom she mistakenly believed to be an attorney representing defendant Ghimire.  The Court agrees with Wagner that it was unreasonable for counsel to expend time corresponding with an individual who was neither an attorney nor a party to the suit.  Thus, these hours will not be included in the lodestar.

vi.      Defendant Reed

One entry describes dismissing a defendant Reed.  However, because there is no Reed who is a party to this case and the plaintiff does not explain the discrepancy, this entry will also be excluded from the lodestar.

vii.      Things Not Readily Identifiable as Related to this Case

Wagner also contends that numerous entries should be excluded because the descriptions are not readily identifiable as related to this case.  While that may be true, the only example provided *is*

4

**United States District Court**
For the Northern District of California

1   readily identifiable as related to this case.  Wagner points to counsel's entries on April 25, 2013

2   described as "Preparation of the request for filing" and "Communication from court: Proposed

3   Order Re: Plaintiff's Request for Administrative Relief to Amend Dates Set by the Court's

4   Scheduling Order."  The docket for this case indicates that the plaintiff did in fact file such a request

5   with the court on this exact date.  Thus, these entries are readily identifiable as related to this case,

6   and the hours expended are reasonable.

7         B.    *Kerr* Factors and Adjustment to the Lodestar

8         Although Wagner does not invoke the *Kerr* factors in arguing that the fee requested by the

9   plaintiff is unreasonably high, the Court finds it appropriate to do so to determine whether the

10  lodestar should be adjusted.  Only those factors that have not previously been considered in

11  calculating the lodestar may be considered at this point.  *McGrath*, 67 F.3d at 252.  Thus, the Court

12  will address: (2) the novelty and difficulty of the questions involved; (4) the preclusion of other

13  employment of the attorney due to the acceptance of the case; (7) time limitations imposed by the

14  client or the circumstances; (10) the "undesirability of the case"; and (11) the nature and length of

15  the professional relationship with the client.[1]

16        Ms. Moore, counsel for plaintiff, has been practicing law for over thirteen years and has

17  specialized in ADA access litigation for four years.  This expertise cuts both ways: while it certainly

18  entitles her to a high hourly rate, it also creates an expectation of efficiency.  For example, having

19  several years of experience in ADA access litigation allows her to rely on past complaints that raise

20  identical issues of law, as she has done here, rather than draft pleadings from scratch.

21        At the hearing, Ms. Moore admitted that this case presented no novel or difficult questions,

22  and that the time expended was primarily due to the lack of responsiveness of the defendants.  She

23  maintained that this unnecessary delay caused her to miss out on "lots" of other employment

24  opportunities.  Although the time from filing of the complaint to the hearing on the instant motion is

25  long relative to the amount of docket activity, it does not appear that any time limitations were

26   

---

[1] The other factors have already been addressed in calculating the lodestar.  (1) Time and labor

27  required goes to the reasonable hours component. (3) The skill requisite to perform the legal service
properly, (5) the customary fee, (6) whether the fee is fixed or contingent, (9) the experience,

28  reputation, and ability of the attorneys, and (12) awards in similar cases were all relied upon by
plaintiff in arguing the reasonableness of the fee.  (8) The amount involved and the results obtained
is considered in determining whether plaintiff was the prevailing party.

1  imposed by the client or the circumstances such that the plaintiff or his council was prejudiced by

2  the delay.  Furthermore, there is no reason to believe that this case was in any way "undesirable,"

3  particularly given counsel's longstanding professional relationship with the plaintiff and their

4  history of success.  This longstanding relationship, including numerous nearly identical claims,

5  further reinforces the expectation of efficiency.

6       Thus, all but one of the remaining *Kerr* factors weigh against the plaintiff, and the Court is

7  skeptical about the full extent of the one in plaintiff's favor.  Accordingly, the Court finds that a 20

8  percent reduction in the total lodestar is appropriate to reach a reasonable fee.  *See Doran v. Corte*

9  *Madera Inn Best Western*, 360 F. Supp. 2d 1057, 1064 (N.D. Cal. 2005) (reducing lodestar by 50%

10 where all but one of the *Kerr* factors not subsumed in the lodestar weighed against plaintiff).

11      C.    Lodestar Calculation

12      Plaintiff's counsel recorded 47.75 hours at a rate of $350 per hour.  However, the Court will

13 subtract 3.38 hours for "Correspondence with counsel" and .51 hours for entries dealing solely with

14 correspondence with Mr. Cole.  Thus, counsel's total reasonable hours are 43.86, multiplied by $350

15 for a total of $15,351.

16      Plaintiff's paralegal recorded 36.58 hours at a rate of $150 per hour.  Her hours are reduced

17 by .25 hours related to defendant Reed.  Thus her reasonable hours, 36.33, times her reasonable rate

18 of $150 totals $5,449.50.

19      Together, plaintiff's total lodestar is $20,800.50.  However, upon consideration of the *Kerr*

20 factors, that number is to be reduced by 20 percent, for a total of $16,640.40.

21      D.    Litigation Expenses

22      The plaintiff also claims $875 for consultation with a certified access specialist.  This

23 amount was uncontested by defendants and is considered reasonable by the Court.

24 3.    Conclusion

25      Plaintiff is awarded fees and costs in the amount of $17,515.40.

26                    II.    APPORTIONMENT

27 1.    Liability Under the Lease

28

United States District Court
For the Northern District of California

1       Defendant Soto Mayor claims that she is not liable for attorney's fees and litigation costs

2 because her lease allocated responsibility for compliance with the ADA to the landlord and lessors.

3 However, the ADA provides that both landlords and tenants are liable for violations.  42 U.S.C. §

4 12182(a); 28 C.F.R. § 36.201(b).  While they may allocate responsibility for complying with the

5 ADA in a lease, the agreement is only effective as between the parties to the agreement and cannot

6 limit the rights of third parties.  28 C.F.R. § 36.201(b); *Botosan v. Paul McNally Realty*, 216 F.3d

7 827, 833 (9th Cir. 2000).  Thus, Soto Mayor, as the tenant and operator of a place a public

8 accommodation, is liable under the ADA regardless of any provision in her lease stating otherwise.

9       Soto Mayor argues that *Botosan* is not applicable because it held only that a *landlord* could

10 not insulate itself from liability by allocating responsibility to a tenant.  She asserts that the court

11 should instead follow *Kohler v. Bed Bath & Beyond of California*, which held that a tenant was not

12 liable under the ADA for an area under the exclusive control of the landlord.  No. 11-4451, 2012

13 WL 3018320 (C.D. Cal.).  Similarly, here, her landlord and sublessor had exclusive control of the

14 premises pursuant to the lease, and thus she is not liable.  The Court disagrees.  In *Kohler*, the court

15 held that the tenant was not liable for violations occurring in the common area parking lot because

16 the tenant's lack of control meant it was not leasing the area.  *Id.*  The court did not hold that the

17 tenant could avoid liability for violations in an area that it was leasing.  *See id.*  Here, at least one of

18 the alleged violations of the ADA occurred within Los Jalapenos restaurant,[2] the area of the subject

19 property that the defendant specifically leased and operated, even if she did not have authority to

20 make physical alterations.  Thus, she is liable under the ADA for violations occurring within Los

21 Jalapenos, regardless of the allocation of responsibility under her lease.  Accordingly, having signed

22 the consent decree, Soto Mayor is liable for attorney's fees and litigation expenses.

23 2.       Apportionment

24       Alternatively, Soto Mayor argues that if her lease does not void her liability under the ADA,

25 then the Court should equitably apportion her liability rather than hold all defendants jointly and

26 severally liable.

27

28

---

[2] In the complaint, plaintiff alleged that the restaurant did not provide an accessible table.

United States District Court
For the Northern District of California

1       Courts have consistently held that landlord and tenants are jointly and severally liable for

2  violations of the ADA and accordingly are jointly and severally liable for attorney's fees. *See, e.g.,*

3  *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) ("[A]ll Defendants signed the

4  Consent Decree; and all are jointly and severally responsible for Plaintiff's attorney fees.")

5  However, in other civil rights cases, the Ninth Circuit has held that apportionment of liability for

6  attorney's fees is warranted. *See Sable Communications of California v. Pacific Telephone &*

7  *Telegraph*, 890 F.2d 184 (9th Cir. 1989), *Woods v. Graphic Communications, Inc.*, 925 F.2d 1195,

8  1206 (9th Cir.1991), *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1125-26 (9th

9  Cir.1981). In doing so, it has focused on the considerable disparities in time spent by the plaintiffs'

10  attorneys in pursuing the claims against each defendant. *See Sable Communications*, 890 F.2d at

11  194 (holding that fees should be apportioned where one defendant intervened late in the case);

12  *Southeast Legal Defense Group*, 925 F.2d at 1125-26 (ordering the defendants to pay only 75% of

13  the total fees where it determined that roughly 75% of plaintiff's work was attributable to the

14  defendants, and the other defendant, the federal government, was immune).

15       Here, however, Soto Mayor has not demonstrated that such a grossly unequal amount of the

16  plaintiff's time was attributable to her that apportionment is warranted. Thus, this Court will abide

17  by the general rule and hold that the defendants are jointly and severally liable for attorney's fees

18  and litigation expenses.

19  III.    CONCLUSION

20       All defendants are jointly and severally liable for fees and costs in the amount of $17,515.40.

21  **IT IS SO ORDERED.**

22  Dated: September 25, 2013

23                       HOWARD R. LLOYD
                             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

1    **C 12-04687 HRL N**otice will be electronically mailed to:

2    Kenneth Randolph Moore        natalyn@moorelawfirm.com, marejka@moorelawfirm.com,
     tanya@moorelawfirm.com

3    Mark Steven Carlquist        mark@carlquistlaw.com, marcia@carlquistlaw.com

4    Steven Benjamin Solomon        ssolomon@probonoproject.org

5    Tanya Eugene Moore        tanya@moorelawfirm.com, david@moorelawfirm.com,
     liz@moorelawfirm.com, marejka@moorelawfirm.com, whitney@moorelawfirm.com

6    **C 12-04687 HRL N**otice will be mailed to:

7

8    Lorena Soto Mayor DeFlores
     1921 California Street

9    #8
     Mountain View, CA 94040

10   **Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

9