**\*E-Filed: December 4, 2013\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CECIL SHAW,<br><br>        Plaintiff,<br>  v.<br><br>KAPTAN GHIMIRE, ET AL.,<br><br>        Defendants. | No. C12-04687 HRL<br><br>**ORDER DENYING DEFENDANT LORENA SOTOMAYOR'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 59]** |

Plaintiff Cecil Shaw sued defendants pursuant to the Americans with Disabilities Act (ADA) and related California law for alleged ADA violations at a liquor store and small Mexican restaurant within the store. The claims were resolved by a consent decree between all parties. *See* Order on Consent Decree, dkt. 36. Defendant Lorena Sotomayor, who owned the restaurant, now moves for summary judgment. Shaw opposes the motion for summary judgment. However, because this action has already been finally adjudicated by the entry of the consent decree, the Court will construe this as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (concluding that a consent decree is subject to the rules generally applicable to other judgments and decrees, including Rule 60(b)). The matter is deemed suitable for determination without oral argument, and the December 3, 2013 hearing is vacated. *See* Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the motion is denied.

Sotomayor argues that Shaw did not have standing to bring his ADA claim against her because her restaurant had already closed by the time he filed the complaint. And because Shaw did not have standing, the Court did not have subject matter jurisdiction, and the consent decree is ineffective as against Sotomayor.

"Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction . . . ." *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990). "[S]tanding . . . pertain[s] to a federal court's subject matter jurisdiction under Article III . . . ." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "To establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports*, 631 F3d 939, 946 (9th Cir. 2011) (footnote omitted) (internal quotation marks omitted). Here, there was no threat of repeated future injury because Sotomayor's restaurant was closed before Shaw even filed the complaint. Thus, Shaw did not have standing to bring an ADA claim against Sotomayor.

However, Shaw still had a valid ADA claim against the owners of the liquor store, as well as a valid claim for damages under California law against Sotomayor. Correspondingly, the Court had original jurisdiction over Shaw's ADA claims against the owners of the liquor store, as well as supplemental jurisdiction over Shaw's state law claims against Sotomayor because they formed "part of the same case or controversy." 28 U.S.C. § 1367(a).

Sotomayor presents no reason why it was improper for the Court to exercise supplemental jurisdiction, and the consent decree Sotomayor signed specifically includes a jurisdictional statement providing that the Court has supplemental jurisdiction over Shaw's California law claims. Accordingly, Sotomayor's motion is denied. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 3, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C12-04687 HRL** N**otice will be electronically mailed to:**

Steven Benjamin Solomon ssolomon@probonoproject.org

Kenneth Randolph Moore natalyn@moorelawfirm.com, marejka@moorelawfirm.com, tanya@moorelawfirm.com

Mark Steven Carlquist mark@carlquistlaw.com, marcia@carlquistlaw.com

Tanya Eugene Moore tanya@moorelawfirm.com, david@moorelawfirm.com, lynda@moorelawfirm.com, marejka@moorelawfirm.com, whitney@moorelawfirm.com

**C12-04687 HRL** N**otice will be mailed to:**

Lorena Soto Mayor DeFlores
1921 California Street, #8
Mountain View, CA 94040

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**